# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY ROLLO, | 1:12-cv-01384-LJO-BAM (HC) |
|     Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
|     v. | |
| S. PENNYWELL, | [Doc. 1] |
|     Respondent. | |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on August 23, 2012. Petitioner contends the Board of Parole unlawfully relied on a 2009 psychological evaluation to deny parole which rendered his hearing "fundamentally unfair."

## DISCUSSION

I. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th

1

1 Cir. 2001). A petition for habeas corpus should not be dismissed without leave to amend unless it
2 appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson,
3 440 F.2d 13, 14 (9th Cir. 1971).  The Court will review the instant petition pursuant to its
4 authority under Rule 4.

II.     Failure to State a Cognizable Ground for Relief

On January 24, 2011, the Supreme Court issued its opinion in Swarthout v. Cooke, ___ U.S.___, 131 S.Ct. 859, 2011 WL 197627 (2011), and held that "the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business." Id. at 863. The Supreme Court stated that a federal habeas court's inquiry into whether a prisoner denied parole received due process is limited to determining whether the prisoner "was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." Id., at 862, *citing*, Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979).  Review of the instant case reveals Petitioner was present at his parole hearing, was given an opportunity to be heard, and was provided a statement of reasons for the parole board's decision. (See Pet. Ex. D.)  Petitioner was personally present at the hearing and was represented by counsel Tracy Lum.  He was afforded the opportunity to present his views and contest the evidence.  At the conclusion of the hearing after considering all the factors-both positive and negative, the Board found Petitioner not suitable for release.  According to the Supreme Court, this is "the beginning and the end of the federal habeas courts' inquiry into whether [the prisoner] received due process." Swarthout, 131 S.Ct. at 862.  "The Constitution does not require more [process]." Greenholtz, 442 U.S. at 16.  Therefore, Petitioner cannot challenge parole board decision and/or reliance on the psychological evaluation in this Court.

RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that:

1) The petition for writ of habeas corpus be SUMMARILY DISMISSED with prejudice; and

2) The Clerk of Court be DIRECTED to enter judgment and close the case.

1    This Findings and Recommendation is submitted to the assigned United States District
2  Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the
3  Local Rules of Practice for the United States District Court, Eastern District of California.
4  Within thirty (30) days after being served with a copy, any party may file written objections with
5  the court and serve a copy on all parties.  Such a document should be captioned "Objections to
6  Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served
7  and filed within fourteen (14) days after service of the objections.  The Court will then review the
8  Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that
9  failure to file objections within the specified time may waive the right to appeal the District
10 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

     IT IS SO ORDERED.

   Dated:   **October 24, 2012**                    **/s/ Barbara A. McAuliffe**
                                                    UNITED STATES MAGISTRATE JUDGE